**WO**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Terence Tarell Walker,<br><br>Plaintiff,<br><br>v.<br><br>Mountainside Estates Homeowners Association, et al.,<br><br>Defendants. | No. CV-26-06507-PHX-DJH<br><br>**ORDER** |

*Pro se* Plaintiff Terence Tarell Walker ("Plaintiff") filed an Application to Proceed in District Court Without Prepaying Fees or Cost (Doc. 2). Upon review, Plaintiff's Application, signed under penalty of perjury, includes some discrepancies like indicating that Plaintiff owns no home or other real estate when his claims are premised upon a lien placed upon his real property. (*Compare* Doc. 2 *with* Doc. 1). However, given the Court's conclusion below, Plaintiff's Application will be granted as it indicates that he is financially unable to pay the filing fee. The Court will grant Plaintiff's Application and allow his to proceed *in forma pauperis* ("IFP"). The Court will proceed to screen Plaintiff's Complaint (Doc. 1) under 28 U.S.C. § 1915(e)(2).

## I. Legal Standard

When a party has been granted IFP status, the Court must review the complaint to determine whether the action:

(i) is frivolous or malicious;

(ii) fails to state a claim on which relief may be granted; or

(iii) seeks monetary relief against a defendant who is immune from such relief.

*See* 28 U.S.C. § 1915(e)(2)(B).[1] In conducting this review, "section 1915(e) not only permits but requires a district court to dismiss an [IFP] complaint that fails to state a claim." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (citation omitted).

Federal Rule of Civil Procedure 8(a) requires complaints to make "a short and plain statement of the claim showing that the pleader is entitled to relief." While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, 'the defendant-unlawfully-harmed-me' accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* A complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

A complaint is frivolous if it is based on a nonexistent legal interest or delusional factual scenario. *Neitzke v. Williams*, 490 U.S. 319, 327–30 (1989); *see also Denton v. Hernandez*, 504 U.S. 25, 32–33 (1992) (dismissal is also appropriate when the facts alleged are "clearly baseless," "fanciful," "fantastic," or "delusional"). This Court has "not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Neitzke*, 490 U.S. at 328.

The Court must accept all well-pleaded factual allegations as true and interpret the facts in the light most favorable to the plaintiff. *Shwarz v. United States*, 234 F.3d 428, 435 (9th Cir. 2000). That rule, however, does not apply to legal conclusions. *Iqbal*, 556

---

[1] "While much of § 1915 outlines how prisoners can file proceedings *in forma pauperis*, §1915(e) applies to all *in forma pauperis* proceedings, not just those filed by prisoners." *Long v. Maricopa Cmty. College Dist.*, 2012 WL 588965, at *1 (D. Ariz. Feb. 22, 2012) (citing *Lopez v. Smith*, 203 F.3d 1122, 1126 n. 7 (9th Cir. 2000) ("[S]ection 1915(e) applies to all *in forma pauperis* complaints[.]")).

U.S. at 678. The Court is mindful that it must "construe *pro se* filings liberally when evaluating them under *Iqbal*." *Jackson v. Barnes*, 749 F.3d 755, 763-64 (9th Cir. 2014) (quoting *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010)).

**II. Discussion**

Plaintiff's Complaint concerns the recording of a lien on Plaintiff's real property and the threat of a subsequent lien by Defendant Mountainside Estates Homeowners' Association. (*See generally* Doc. 1). A review of the Complaint, however, reveals that the Court lacks subject matter jurisdiction.

In civil cases, federal courts have subject matter jurisdiction over only those cases where either diversity jurisdiction or federal question jurisdiction exist. *See Peralta v. Hispanic Bus., Inc.*, 419 F.3d 1064, 1068 (9th Cir. 2005). Federal question jurisdiction exists where the action arises under federal law. 28 U.S.C. § 1331. Diversity jurisdiction exists where the amount in controversy exceeds $75,000 and the case is between citizens of different states, or citizens of a state and citizens or subjects of a foreign state. 28 U.S.C. § 1332(a)(2).

Here, there is no claim that diversity jurisdiction exists, and indeed it appears as though Plaintiff and Defendant are both Arizona citizens. (*See* Doc. 1 at 2). Plaintiff, instead, claims that this Court has federal question jurisdiction as he has brought a claim under the Fair Housing Act ("FHA"), 42 U.S.C. § 3602 *et seq*. (*Id.*)

While the Complaint states that it is bringing a claim under the FHA, no such claim is actually alleged in the Complaint. Moreover, the elements of an FHA claim are not discernible from the allegations in the Complaint. (*See generally* Doc. 1). The FHA prohibits housing discrimination in the sale or rental of housing because of the person's race, religion, gender, or other protected characteristics. *Ave. 6E Invs., LLC v. City of Yuma, Ariz.*, 818 F.3d 493, 502 (9th Cir. 2016). It is unclear how Plaintiff believes the FHA applies here, as he does not allege that he attempted to buy or rent property. (*See generally* Doc. 1). Plaintiff's allegations about an allegedly wrongful lien and a threatened lien do not concern or raise issues of prohibited discrimination in housing. As such,

Plaintiff's reference to the FHA "appears to be immaterial and made solely for the purpose of obtaining jurisdiction," *Williston Basin Interstate Pipeline Co.*, 524 F.3d 1090, 1094 (9th Cir. 2008), which in turn means the Fair Housing Act does not provide the Court with a basis for federal question subject-matter jurisdiction over Plaintiff's claims.

The only claims stated in the Complaint arise under Arizona statutes, tort law, or contract law. (Doc. 1 at 6–10). And the Court lacks subject matter jurisdiction over these claims between non-diverse parties. At bottom, Plaintiff's claims concern liens placed on his property and contractual disputes with an HOA, meaning Arizona state court is the appropriate venue for Plaintiff's dispute.

Accordingly,

**IT IS ORDERED** that Application to Proceed in District Court Without Prepaying Fees or Cost (Doc. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's Complaint is **DISMISSED** for lack of subject matter jurisdiction. The Clerk is directed to terminate this matter.

Dated this 15th day of September, 2026.

Honorable Diane J. Humetewa
United States District Judge